THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. S. SHELDON.

**No. 238.**

1. EVIDENCE—*physician as expert not permitted to base opinion on hearsay.* A physician testifying as an expert should not be allowed to express an opinion as to the condition of the patient, formed in part upon the statements of third parties or upon what the family of the patient may have said to him.

2. ———— *witness not allowed to state conclusions.* The trial court should not permit an expert witness to state whether the condition of the defendant and his ailments were the direct results of the collision in question, and whether or not the collision caused that condition and such ailments. This was a matter exclusively for the jury to determine and not a matter to be proven by expert testimony.

3. ———— *erroneous exclusion cured by subsequent admission of.* The erroneous exclusion of testimony is cured by its subsequent admission.

4. ———— *of amount paid farm hand to take place of injured party, improper.* In an action for damages for injuries received in a railway wreck, *held*, that evidence of the amount expended for the services and board of a farm hand by the plaintiff between the date of the injury and the trial, was improperly permitted to go to the jury.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed December 23, 1897. *Reversed.*

*M. A. Low, W. F. Evans* and *J. E. Dolman,* for plaintiff in error.

*B. T. Bullen* and *W. T. Dillon,* for defendant in error.

McELROY, J. This was an action to recover for personal injuries received by defendant in error in a railway accident. Judgment in the lower court was for defendant in error, who was plaintiff there.

Doctor Hoover, a witness for plaintiff below, refer-

348     RAILWAY CO. v. SHELDON.

N. Dept.          Opinion.   McElroy, J.          6 Kan. App.

ring to an examination of defendant in error made some weeks after the accident, said :

"I ascertained from the examination of the man, from the history that I got from the family, and from what I saw of the man, that he was suffering from spinal trouble."

Plaintiff in error moved that this be stricken out because it was incompetent, irrelevant, and hearsay. This motion was denied. A physician testifying as an expert should not be allowed to base his opinion of the condition of the party to any extent upon the statements of third persons. It does not appear what the witness learned from talking with the family, nor to what extent the family gave him a history of the man or his ailment. The motion of the Railway Company to strike out the evidence should have been sustained, and the evidence excluded from the jury. *Heald v. Thing*, 45 Me. 392. Rogers's Expert Testimony, § 47. *Weatherbee's Ex'rs v. Weatherbee's Heirs*, 38 Vt. 454.

1. Opinion based on hearsay, incompetent.

Complaint is made that the court erred in admitting evidence of Doctor Wilcox, as follows :

"Q. Doctor, in reply to this question I would ask you whether an injury received at a railway wreck, wherein the patient was frightened, jammed up and badly shocked, the patient having no kidney trouble known to him prior to that time, then being affected by a general breaking down of the nervous system, pains along the lumbar region of the back, slight pains in the abdomen, bowels constipated, bladder partially paralyzed, so as to retain the urine, loss of sensation in the lower extremities, impaired circulation, the lower limbs inclined to shrivel up, cold feet, I will ask you now whether or not, in your opinion, a patient in that condition, then, who three weeks after having been in a railway wreck which I have described, whether or

2. Witness not allowed to state conclusions.

not the ailment which I have mentioned was the direct result of the injury in the railway wreck ? A. That was my opinion at the time.

" Q. What is your opinion now, doctor, on the hypothetical question ? Would the wreck be the cause of the ailment ? A. Yes, I believe so."

And the following evidence of Doctor Hoover :

" Q. What in your opinion would be the cause ? A. Probably from the injury he received at the time of the wreck."

And the following evidence of Doctor Kamp.

" Q. Now, doctor, I will ask you if, in your opinion, the shock and bruises and jamming of the patient mentioned, received in a railway wreck mentioned, would be the cause of such ailments, in your opinion, he not having passed through any other shock, fright or bruises prior to that time nor had any known kidney trouble? A. If he had no other disease, if there were no symptoms of any other disease prior to that time, yes."

The court permitted the witnesses to assume the province of the jury, and to determine whether the condition of the defendant in error and his ailments were the direct results of the collision in question. This was a matter exclusively for the jury to determine and not a matter to be proven by expert testimony. The jury was as competent to determine this question from all the evidence as were the witnesses, and they should have been permitted to do so without being required to take the opinions of the witnesses in preference to their own. It might have been proper to have asked the witnesses what would be the probable effect of a bruise or jar or injury upon the head or body, or whether or not the condition of the defendant in error resulted from a wound or injury of some kind. It would have been proper in the case at

350    RAILWAY CO. v. SHELDON.

N. Dept.            Opinion.   McElroy, J.           6 Kan. App.

bar to have asked the witnesses whether or not, in
their opinion, the condition of Sheldon might have
resulted from injuries received in the collision, or,
whether or not the injuries could have been caused by
the collision.    But the questions as put called on
the witnesses to determine the ultimate fact; that is,
whether or not the condition of the defendant in error
was the direct result of the collision, or was caused by
the collision.    This was for the determination of the
jury.    This evidence should have been excluded.   *Jones
v. President, etc., of Portland*, 88 Mich. 598; *State v.
Rainsbarger*, 74 Iowa, 196.

Complaint is made that the court erred in sustain-
ing the objection made by the defendant in error to
the following question asked Doctor Mann : "Taking
into consideration that the plaintiff is now suffering
from kidney trouble, what would be your opinion
as to what he was then suffering from — taking into
consideration his present condition at that time ?"

This evidence was competent and should have been
admitted.    The sustaining of the objection was not
reversible error ; questions embracing all
that was included in this question were
put to the witnesses by counsel for the
Railway Company and answered fully.   *C. B. U. P.
Rld. Co. v. Andrews*, 41 Kan. 370 ; *Thorne v. National
Bank*, ante, p. 194.

3. Evidence
wrongly
excluded,
admitted later.

Complaint is made that the court permitted the
defendant in error to show as items of damage the
amount he paid for a farm hand from the date of the
accident to the trial, and also the value of the board
of this hand and of his horse.

This evidence was intended for the purpose of en-
hancing the damages, and was incompetent.    Sheldon
was not damaged by the employment and payment of

**4. Improper element of damages.**

a farm hand. He evidently received the services of such farm hand in consideration for the money paid and for the board of the hand and the horse. If he was, by the negligence and carelessness of the Railway Company, injured to such an extent as to render him unable to perform labor, he could recover the value of his time, but could not recover the amount paid by him in employing another person to perform his work. To allow him to recover for the loss of his time as well as expenses incurred in employing a farm hand, would be to allow double damages. This the law does not permit. This evidence should not have been permitted to go to the jury.

It appears from an examination of the evidence, the verdict, and the comments of the court in overruling the motion for a new trial, that this evidence must have had considerable influence with the jury. The court, in overruling the motion for a new trial, said :

"In this case the jury has probably given the plaintiff the full benefit of the evidence, and, as Mr. Dolman says, if the injury had been occasioned by a farmer, the verdict would probably not have been as large as it is ; probably not more than one-half. That plaintiff is not in a sound physical condition, is very evident ; that this condition is not wholly attributable to the injury received from the railroad, is equally evident. If I had been trying the case without a jury, I probably should not have allowed as large an amount as the jury have allowed. Still, plaintiff evidently has sustained some damage and injury from the road, for which he is entitled to recover in this case."

The judgment must be reversed and the cause remanded for a new trial.