## Chicago City Railway Company v. Stanislous Soszynski, Administrator.

### Gen. No. 13,137.

1. STREET CAR TRACKS—*instruction as to duty of person undertaking to drive across, approved.* An instruction upon this subject as follows, is approved:

"You are further instructed as a matter of law that if you believe from the evidence that when the plaintiff started to drive across the tracks of the defendant on the occasion in question he saw the south-bound train in question approaching from the north and knew that said train was coming at such a rate of speed that he could not cross said tracks without being struck by said train unless said train should be stopped or slackened in speed and that so knowing he deliberately took the chances of crossing said track in safety, then he cannot recover in this case and you should find the defendant not guilty."

2. NEGLIGENCE—*instruction as to extent of obligation of gripman to anticipate danger, approved.* An instruction upon this subject as follows, is approved:

"The court instructs you that with reference to the gripman on the occasion in question, the law did not require him to anticipate or to guard against anything which was not reasonably to be expected, and the law did not require him to regulate his conduct with reference to any conduct of others not reasonably to be expected by him under the circumstances in evidence."

3. NEGLIGENCE—*instruction as to extent of obligation of servants of traction company to anticipate danger, approved.* An instruction upon this subject as follows, is approved:

"The law does not require or exact of a street car company that its servants should be all the while upon their guard against dangers not reasonably to be expected, or against unusual or extraordinary occurrences or conduct on the part of others, nor does it require them to conduct their cars with a degree of caution that would prevent the practical operation of its road."

4. MEDICAL EXPERT—*what evidence of, competent; what not.* A medical expert is competent to state what effects might have resulted from a fall; but whether the effects described did result from that fall or were produced by some other cause or causes, is a question for the jury.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed May 28, 1907.

**Statement by the Court.** This appeal is prosecuted from a judgment of the Circuit Court against appel-

lant and in favor of Frank Soszynski for $5,000. On February 13, 1902, Soszynski was driving three horses attached to a coal wagon across State street between 13th and 14th streets in the city of Chicago, and the wagon was struck by a State street cable train. The wagon and its contents weighed ten tons, and it was struck with sufficient force to tip it over and Soszynski was thrown to the ground and injured.

The declaration contains two counts. The specific charge of negligence against defendant in the first count is that while the plaintiff, who was. then and there driving his horses attached to the wagon in question across said car tracks, to wit, at the point half way between 13th and 14th streets on State street, using due care and diligence on his part for his own safety, the defendant by its servants carelessly and negligently drove and managed one of its street cars so that it struck with great force and violence against the wagon in which the plaintiff was riding, and by reason of the premises the wagon of plaintiff was overthrown, etc.

The second count avers that while plaintiff was driving said horses attached to said coal wagon across defendant's tracks, and while said street car of defendant was, to wit: 500 feet north of the point where said plaintiff was driving, the defendant by its servants carelessly and negligently drove one of its said street cars at a dangerous and high rate of speed, to wit, at a rate of fifteen miles per hour, and so carelessly managed the street car that said street car suddenly and without giving the plaintiff sufficient time in which to cross from the east to the west side of State street, and while plaintiff was rightfully driving the horses and wagon aforesaid in a westerly direction across the tracks of the said defendant, the said car struck with great force and violence against the wagon, by reason of which the wagon was overthrown, etc.

The evidence on behalf of plaintiff tended to show that when he started to cross the tracks of the defend-

ant he saw the south-bound train approaching from the north, but it was so far away from him that he believed he had time enough to cross; that nothing obstructed the view which he had of the approaching train or the view of the gripman, and that the latter so negligently ran and managed the train that he collided with plaintiff's wagon.

The evidence on behalf of the defendant tended to show that as the south-bound train approached the scales where plaintiff was standing, a north-bound train was passing and obscured the view which the gripman otherwise would have had, and that plaintiff drove west behind the north-bound train across the south-bound track when the south-bound train was so near that the gripman could not, in the exercise of ordinary care, stop his train in time to avoid the collision.

WILLIAM J. HYNES and GEORGE W. MILLER, for appellant; MASON B. STARRING, of counsel.

JAMES J. KELLY and JOHN C. KING, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant (appellant) requested the court to give the following instruction:

"You are further instructed as a matter of law that if you believe from the evidence that when the plaintiff started to drive across the tracks of the defendant on the occasion in question he saw the south-bound train in question approaching from the north and knew that said train was coming at such a rate of speed that he could not cross said tracks without being struck by said train unless said train should be stopped or slackened in speed and that so knowing he deliberately took the chances of crossing said track in safety, then he cannot recover in this case and you should find the defendant not guilty."

The court refused to give the instruction. Appellant assigns error upon this action of the court.

In our opinion there was abundance of evidence in the case to require the giving of this instruction. Appellee's intestate testified that he was seated on his wagon facing north while it was standing on the scales on the east side of State street, and that he saw this train about 13th street. The testimony of Egenthaler, Burns, Cahill and Miller as to the clear view of the street from the scales, and the speed of the train, and the testimony of Gaynor, Burns, Maguire, Butler, Braun, Stratton and Soszynski, as to the distance of the train from the wagon at the time appellee's intestate started to cross the tracks of appellant, afforded a substantial basis for the theory of appellant which is embodied in the instruction. The tendered instruction correctly announced the law applicable to the facts which the evidence tended to prove, we think, and should have been given. Hot Springs Ry. Co. v. Johnson, 64 Ark. 420; Helber v. Spokane St. Ry. Co., 22 Wash. 319; O'Neil v. Dry Dock E. B. & B. R. Co., 129 N. Y. 125; Ehrisman v. East Harrisburg City P. Ry. Co., 150 Pa. St. 180; Chicago W. Div. Ry. Co. v. Bert, 69 Ill. 388; North Chicago Electric Ry. Co. v. Peuser, 190 id. 67. The doctrine of the instruction was approved in Chicago Union Traction Co. v. Jacobson, 217 Ill. 404. The testimony would warrant the conclusion that Soszynski knew when he drove his heavily loaded wagon upon appellant's track that a collision would be inevitable in the ordinary operation of the train, unless the gripman of appellant could prevent the collision by his care and diligence. The instruction was based on the rights and duties of the respective parties at the place where the accident occurred. The hypothesis of fact stated in the instruction was such as would make the act of driving upon the track negligent as a matter of law.

The court should have given the following instructions requested by appellant:

"The court instructs you that with reference to the gripman on the occasion in question, the law did not re-

quire him to anticipate or to guard against anything which was not reasonably to be expected, and the law did not require him to regulate his conduct with reference to any conduct of others not reasonably to be expected by him under the circumstances in evidence.''

''The law does not require or exact of a street car company that its servants should be all the while upon their guard against dangers not reasonably to be expected, or against unusual or extraordinary occurrences or conduct on the part of others, nor does it require them to conduct their cars with a degree of caution that would prevent the practical operation of its road.''

These instructions were applicable to the evidence in the case. They state the law with sufficient accuracy. It was error to refuse them.

The accident happened on February 13, 1902. The contention for the plaintiff is that Soszynski was thrown by the collision from the wagon seat and that he fell head foremost upon the pavement. According to the testimony of Dr. Szwajkart he treated the appellee's intestate for the injuries received at the collision; that he again saw him in November, 1903, and that appellee's intestate then had an enormous swelling under the left maxillary bone; that the left jaw was much larger than its natural size; that the swelling involved parts from the temple to the clavicle; that he ordered hot applications for that part of the face, and suggested that he go to the hospital.

Dr. Laibe testified that he first knew appellee's intestate in November 1903, at St. Mary's Hospital, and describes the conditions which he found; that he opened the abcess which he found and took out several ounces of pus, and removed a small spiricula of bone. Appellee's intestate testified that the third day after this the doctor took out a piece of dead bone from his jaw; that he was operated upon twice; that the left side of his neck was stiff where it was cut and that he could not wear a collar. Upon these facts it was contended that by the fall a splinter of bone was broken off the angle

of his jaw in February 1902, and that this caused the abcess in November, 1903.

Appellant contended on the other hand that if the fall received in February, 1902, had splintered a piece of bone from the jaw, an abcess would have developed, if at all, within a few weeks after the accident, and that the long time which intervened between the accident and the development of the abcess precluded the possibility of the injury received in the accident being the cause of the abcess. This contention is based in part upon the testimony of the above named doctors in their cross-examinations, and the testimony of Dr. Hall, called by appellant. Thus, the record shows, it was a sharply contested question in the case whether the accident, which happened in February, 1902, was the cause of the abcess which developed in November, 1903.

During the examination of Dr. Laibe by counsel for plaintiff the following occurred:

"Q. Doctor, suppose that the patient upon whom you then performed the operation had, on the 13th day of February, 1902, been thrown from a wagon, an ordinary coal wagon, head foremost, on the left side on to a street paved with granite, would that fall, in your opinion, at that date, create the condition which you found in November, 1903?

Mr. Miller: That I object to, as being incompetent for the doctor to state. It is a question for the jury to decide.

Mr. King: No, the doctor depends on his knowledge.

The Court: The objection is overruled."

To which ruling of the court, the defendant by its counsel, then and there duly excepted.

"A. A traumatism at that time would, in all probability, produce the conditions as found at that late date.

Mr. Miller: I move to strike out the answer, on the ground that it is incompetent for the doctor to state.

The statement that it would produce this condition is for the jury to decide. The doctor's answer usurps the functions of the jury.

The Court: The motion is overruled."

To this ruling of the court the defendant duly excepted.

In our opinion the objection to the testimony should have been sustained. The court permitted the witness to swear to cause and effect. The witness was permitted to give his opinion upon a vital fact in the case which it was the province of the jury to determine from the evidence. He was competent to state what effects might result from the fall, but whether the effects described did result from the fall or were produced by some other cause or causes was a question for the jury. The question here presented has been so fully discussed in I. C. R. R. Co. v. Smith, 208 Ill. 608; City of Chicago v. Powers, 117 Ill. App. 453; Chicago City Ry. Co. v. Sugar, 117 Ill. App. 578; Muldowney v. I. C. Ry. Co., 36 Ia. 462; City of Chicago v. McGiven, 78 Ill. 347; Ferguson v. Hubbell, 97 N. Y. 507; C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 142; Nat. Gas L. & F. Co. v. Miethke, 35 Ill. App. 629; Noonan v. The State, 55 Wis. 258; and Knoll v. The State, 55 Wis. 249, that we can add nothing by way of elucidation.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*