[No. 17803.  Department Two.  August 9, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
ACKLUS, *Appellant*.[1]

CRIMINAL LAW (155-3)—RAPE (20)—EVIDENCE—OPINION EVIDENCE
—BODILY CONDITION—CAUSE AND EFFECT. In a prosecution for statutory rape, it is error to permit a physician, after describing the conditions shown by a physical examination of the prosecutrix, and the means by which the injuries might have been inflicted, to go further and express his opinion that they were actually inflicted by ʼsexual intercourse.

CRIMINAL LAW (352)—NEW TRIAL—INSUFFICIENCY OF EVIDENCE. A conviction of crime based upon substantial evidence, will not be set aside on appeal for want of sufficient evidence to sustain the verdict.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered January 28, 1922, upon a trial and conviction of statutory rape. Reversed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*Thos. A. Stiger,* for respondent.

TOLMAN, J.—Appellant was tried and convicted upon a charge of carnally knowing a female child of the age of thirteen years. Appealing, he assigns error upon the admission of certain testimony, and also contends that the verdict is contrary to the evidence.

A physician was called by the state and testified to having made a physical examination of the prosecuting witness, and detailed the conditions which he found to exist. He was then permitted to testify, over the objection of appellant, that, in his opinion, the prosecuting witness had had sexual intercourse. In cases of this kind the rules must be strictly applied.

"There is no class of prosecutions attended with so much danger, or which afford so ample opportunity

[1]Reported in 217 Pac. 61.

for the free play of malice and private vengeance. In such cases the accused is almost defenseless, and courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their findings.'' *People v. Benson,* 6 Cal. 221, 65 Am. Dec. 506.

The rule appears to be that the opinions of physicians and surgeons may be received to show the physical condition of a person, the effect of physical injuries, by what means such injuries might have been inflicted, and the like; but that it is improper to permit such a witness to express his opinion as to how such injuries were actually inflicted, as that would be trespassing upon the province of the jury. Jones on Evidence (2d Ed.), § 378; *People v. Hare,* 57 Mich. 505, 24 N. W. 843; *J. M. Pace Mule Co. v. Seaboard Air Line R. Co.,* 160 N. C. 252, 75 S. E. 994; *Chicago City Ry. Co. v. Soszynski,* 134 Ill. App. 149; *Chicago R. I. & P. R. Co. v. Sheldon,* 6 Kan. App. 347, 51 Pac. 808; *State v. Rainsbarger,* 74 Iowa 196, 37 N. W. 153.

In the case last cited, the reasons for the rule were tersely and clearly given in the following language:

''The counsel for defendant, after stating hypothetically the condition of the body of the deceased, the character of the wounds, and other matters, asked a witness, who was a physician, how the wounds upon the defendant were probably made. The evidence was rightly excluded. It sought for an expression of opinion based upon matters which were to be weighed and considered by the jury, and determined by the exercise of their own judgments, and not upon the opinion of another. The matters upon which the question was based were not particularly within the knowledge of the witness or of the profession to which he belonged.''

In a close case, the opinion of a physician, confidently expressed, although upon a subject not peculiarly

within the knowledge of his profession, might be a decisive factor with a jury, and as a result the accused might suffer punishment upon the verdict of the physician rather than the verdict of the jury. The possibility of such a result cannot be countenanced, and the admission of this testimony was, therefore, reversible error.

Under our rule that the verdict cannot be set aside when based upon substantial evidence, we have considered, also, the second assignment of error, and conclude that there was sufficient evidence to support the verdict. The judgment will therefore be reversed and the cause remanded for a new trial.

Reversed and remanded.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.