[No. 29173.   Department Two.   February 8, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. LE ROY SMITH,
*Appellant*.[1]

*John C. Richards,* for appellant.

*Lloyd Shorett* and *Leo J. Peden,* for respondent.

BLAKE, J.—Defendant was found guilty by a jury of the crime of carnal knowledge.   The complaining witness was fourteen years of age.   The court entered judgment on the verdict and sentenced defendant to the penitentiary for a term of not more than twenty years.   Defendant appeals.

Appellant does not challenge the sufficiency of the evi-

[1]Reported in 145 P. (2d) 557.

dence to sustain the verdict, so it will be unnecessary to review the evidence. We may say, however, that two disinterested and unimpeached witnesses testified to the act charged in the information.

The only error assigned is that the court erroneously permitted the physician who examined the complaining witness to express his opinion that, judging from the condition in which he found her genital organs, she had had sexual intercourse many times. The manner in which the claimed error arose may best be understood by quoting from the testimony of the physician:

"Q. Have you ever made an examination of [the complaining witness]? A. Yes, sir. Q. When was the examination made? A. May I read from this (indicating)? Q. Yes. A. June 9, 1943. Q. Will you state to the jury and the court what the examination revealed?

"MR. ERVIN F. DAILEY: I object to that. That is too broad and probably calls for a conclusion. THE COURT: He is an expert witness and he is entitled to draw conclusions. MR. ERVIN F. DAILEY: I think that question is too broad. It is a very general question. THE COURT: Yes; it is general. That cannot be disputed. I think he had better limit it to the principal question in issue right now. We are not interested if she ever had the measles. MR. PEDEN: He will not testify to that. THE COURT: I think you should limit this a little bit and we will save a lot of time.

"Q. Did you make an examination of the sexual organs of [the complaining witness]? A. Yes, sir. Q. Will you state what the examination revealed in regard to her sexual organs? A. I examined her clinically, negative for G.C. No inflammation or trauma visible. Hymen ruptured. Grayish mucus, leucorrhea; menstruation regular; last menstruation May 28th; smear from the urethral orifice, the cervix and vagina, taken for G.C. 99-11-43; and smear negative. Q. In your opinion, did she ever have sexual intercourse?

"MR. ERVIN F. DAILEY: I object to that. A. Yes, sir. THE COURT: The answer may stand. Q. In your opinion, doctor, how many times would you say she has had sexual intercourse? MR. ERVIN F. DAILEY: If Your Honor please, counsel—I think the last question is—reversible error has been committed. I don't think the witness can testify she ever had sexual intercourse. He can testify to the conditions

he found and it is up [to] the jury to determine what caused those conditions. I have a case on that question. THE COURT: Let me see your case you are referring to. MR. ERVIN F. DAILEY: I will furnish it. THE COURT: Let us have it now. There is no need going into anything that will be reversible error. MR. ERVIN F. DAILEY: I am not able to produce it now. I want to protect my record. THE COURT: You might assist the court, you know. Otherwise, if you do not I will hold you are precluded."

■ The opinion of the physician was clearly inadmissible under the holding of this court in the case of *State v. Acklus*, 126 Wash. 65, 217 Pac. 61, where the court said, p. 65:

"A physician was called by the state and testified to having made a physical examination of the prosecuting witness, and detailed the conditions which he found to exist. He was then permitted to testify, over the objection of appellant, that, in his opinion, the prosecuting witness had had sexual intercourse. . . .

"The rule appears to be that the opinions of physicians and surgeons may be received to show the physical condition of a person, the effect of physical injuries, by what means such injuries might have been inflicted, and the like; but that it is improper to permit such a witness to express his opinion as to how such injuries were actually inflicted, as that would be trespassing upon the province of the jury."

Appellant contends the verdict and the judgment in this case cannot stand in the face of that decision. Counsel for the state practically concede the point, for they ask us to repudiate the decision. Upon the record presented here, we do not find it necessary either to reverse the judgment or overrule the *Acklus* case.

■ It is our opinion that, upon the record, appellant is in no position to claim prejudice upon the court's ruling. Reverting to the colloquy between the court and counsel, it is to be noted that counsel for appellant, in making his objection, said, "I have a case on that question." When asked by the court to produce it, he said, "I am not able to produce it now. *I want to protect my record.*" (Italics

ours.) Counsel did not ask for a recess so that he might find the authority he had in mind, notwithstanding he or his associate in the trial was one of the attorneys for the defendant in the case of *State v. Acklus*. Surely, with a few minutes research, he could have found and presented to the court that authority.

From the character of the objection and the vague reference to "a case on that question," we think it is apparent that counsel was more interested in "protecting [his] record"— in injecting error—than he was in getting a correct ruling on his objection. To hold error committed under these circumstances to be prejudicial would make a travesty of the administration of justice. (It may not be amiss to note that the counsel appearing for appellant in this court did not participate in the trial of the case.)

■ The judgment of conviction is affirmed. The cause, however, must be remanded, with direction that appellant be resentenced in conformity with the provisions of Laws of 1937, chapter 74, p. 321, § 1 (Rem. Rev. Stat. (Sup.), § 2436 [P. C. § 9108]).

SIMPSON, C. J., ROBINSON, and MALLERY, JJ., concur.

GRADY, J. (dissenting)—I am not in accord with the basis upon which the decision of this case is founded, and think the judgment should be reversed and the appellant granted a new trial unless this court concludes that *State v. Acklus*, 126 Wash. 65, 217 Pac. 61, should be overruled.

It is a well-established rule in this state that, unless an objection made to testimony of a witness is sufficiently definite to call the attention of the trial court to the particular ground upon which it is based, error cannot be predicated thereon. *Urquhart v. Coss*, 60 Wash. 249, 110 Pac. 1001; *State v. Spangler*, 92 Wash. 636, 159 Pac. 810; *Murray v. Seattle*, 96 Wash. 646, 165 Pac. 895.

The reason for this rule is that the court should be apprised of the nature of the objection made to proffered testimony and the basis therefor so as to enable the court to pass intelligently upon the question raised. But if it

appears that the court understood the nature of the objection made, even though it might not have been couched in language which would have been made clearer upon further reflection, and made its ruling accordingly, then such ruling is open to review on appeal.

It seems to me quite plain from what is set forth in the majority opinion that the trial court understood the objection made was that the physician should not have been permitted to have stated his opinion, or conclusion, that the prosecuting witness had been subjected to sexual intercourse, but that this was a conclusion for the jury to draw when the condition of the person of the prosecuting witness was portrayed by him. The counsel who represented the appellant at the trial should have requested the court to allow him a reasonable time within which to find the citation to the case he referred to; but this failure on his part should not now deny the appellant the protection accorded by the rule of law announced by that case.

The question involved was a crucial one and bore directly on the guilt of the appellant, and an erroneous ruling thereon would be highly prejudicial to him. In view of the record before us, it might be said with much persuasion that the appellant was, without any question, guilty of the offense with which he was charged, and the testimony of the physician, even though erroneously received, was without prejudice, and now to hold, as stated in the majority opinion, prejudicial error was committed, would be a travesty on the administration of justice. But, while it is true that instances might be cited where guilty persons have been awarded new trials and even have escaped just punishment because of the operation of some rule of law or evidence, nevertheless we must not overlook the fact that, in the trial of every person accused of a public offense, he is accorded certain constitutional and statutory rights, among which is that his conviction must be based upon legal evidence.

The *Acklus* case directly decides that a physician who makes a physical examination of a female cannot testify

that, in his opinion, she has had sexual intercourse. This is based upon the reasoning that such fact is a substantive part of the offense with which the accused is charged and is a conclusion for the jury to reach upon the whole evidence submitted in the case. Under the authority of that case, the court committed prejudicial error in permitting the proffered testimony, and it should either be overruled or a new trial granted to the appellant.

---

March 14, 1944. Petition for rehearing denied.