[No. 34552.   Department Two.   May 21, 1959.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLEY
RING, JR., *et al., Appellants.*[1]

[1]Reported in 339 P. (2d) 461.

*Wilmot W. Garvin, Delbert R. Scoles,* .and *Jack R. Dean,* for appellants.

*Sid Buckley* and *Thomas I. Oakshott,* for respondent.

WEAVER, C. J.—Defendants were charged with the crime of forcible rape allegedly committed in Stevens county. Having been found guilty, they appeal from the judgment and sentence.

The prosecuting witness attended a rodeo and dance at Colville. Leaving the dance, she met defendants, one of whom she had known at high school, and accepted his invitation to drive her home. Instead of taking her home, the car was driven to an airport just outside of Colville where, according to the prosecuting witness, one of the defendants commenced forcing his attentions upon her. Both defendants, together with another man, were in the automobile at the time the crimes were alleged to have been committed. After the first incident, the automobile was driven and kept moving by the third man in the car.

It is an understatement to say that the testimony of the witnesses is in sharp conflict. Both defendants testified; they admitted having sexual intercourse with the prosecuting witness and stated that she willingly submitted to their advances. The prosecuting witness testified that her resistance was overcome by force. It is apparent that the major issue is whether the prosecuting witness voluntarily submitted to sexual intercourse.

The assignments of error are of such a nature that we are relieved of the execrable task of setting out the facts in greater detail.

Defendants' five assignments of error present four contentions: (1) That the state failed to prove that the crime of rape had been committed in Stevens county. (2) That the superior court did not have jurisdiction of Harold M. Ring. (3) That the court erred when it rejected an offer

of proof that the prosecuting witness was not a virgin at the time of the alleged crimes. (4) That the court erred when it permitted two doctors, who had examined the prosecuting witness, to state their opinions as to the origin and cause of her physical condition.

The parties were in a moving automobile. The circumstances were such that the prosecuting witness was not in a position to know, with certainty, her exact geographic location at any given moment. The defendants, therefore, challenge the jurisdiction of the superior court of Stevens county on the ground that there is no evidence that penetration occurred in Stevens county.

■ We do not agree. There is evidence, which the jury could have believed, that indicated that the automobile did not leave Stevens county; hence, the court was justified in giving its instruction No. 4, which states:

"You have been instructed that as one of the elements of the crime of rape, it is necessary that the State prove beyond a reasonable doubt that the acts complained of occurred in Stevens County, Washington. In this respect, you are instructed that it is not necessary that the entire offense complained of, or the acts constituting the entire offense, be committed in Stevens County, but that it is sufficient that the State prove beyond a reasonable doubt that the offense complained of was partly committed in Stevens County, or the acts or effects constituting, or requisite to the consummation of the offense, occurred partly in Stevens County."

No exception was taken to this instruction. It became the law of the case.

Further, RCW 10.25.020 provides:

"When a public offense has been committed partly in one county and partly in another, or the act or effects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

This statute was applied in *State v. Wilson*, 38 Wn. (2d) 593, 599, 231 P. (2d) 288 (1951), wherein this court said:

"Nor does the fact that no one can say with certainty whether the death occurred in Clark county, where the kidnapping occurred, or in Skamania county, where the body

was found, present any bar to the prosecution for murder in Clark county."

We find no merit in defendants' first contention.

At the time of his arrest, Harold M. Ring was under eighteen years of age. Shortly thereafter, the juvenile department of the Stevens county superior court purported to transfer "the case against said minor" to the superior court, pursuant to RCW 13.04.120. A second amended information, which included Harold M. Ring, was then filed.

The case went to trial on this information, at which time Harold M. Ring was eighteen years of age. It now appears that the copy of the order of the juvenile court, filed *in this proceeding,* was not properly authenticated; hence, defendant Harold M. Ring now contends that the superior court did not acquire jurisdiction over him. This argument is made for the first time in this court; it was not urged in the trial court.

The superior court has original jurisdiction "in all criminal cases amounting to felony." Art. IV. § 6, Washington constitution. The juvenile court act recognizes that the superior court has original jurisdiction "in all cases coming within the terms of this chapter." RCW 13.04.030.

RCW 13.04.120 provides that the juvenile court (really the superior court or a department thereof) "may proceed to hear and dispose of the case" against a child under eighteen years of age. This may be a *bar* to proceeding against him in the superior court while he is under eighteen, unless the juvenile court orders "such child to be turned over . . . for trial under the provisions of the criminal code," but it does not deprive the superior court of jurisdiction after he reaches eighteen years of age.

■  Our conclusion that defendant's contention is without merit is dictated by the *rationale* of *State v. Melvin,* 144 Wash. 687, 689, 258 Pac. 589 (1927), wherein this court said:

"We think it follows, therefore, that the law which provides for protection and reformation or punishment within the discretion of the court, in the case of a delinquent minor proceeded against before he arrives at the age of eighteen

years, constitutes no bar to a criminal action brought against him, after he becomes eighteen years of age, for an act committed prior to that age."

■ ■ The fact that Harold M. Ring was under eighteen years of age when the second amended information was filed is of no moment. He was eighteen when the case was tried. This conclusion is in accord with the majority rule discussed in the annotation, "Age of child at time of alleged offense or delinquency, or at time legal proceedings are commenced, as criterion of jurisdiction of juvenile court," appearing in 123 A. L. R. 446.

■ Defendants contend the court erred when it refused to admit offered testimony that the witness had had sexual intercourse with the prosecuting witness. There is no merit to this argument. It is settled in this jurisdiction that specific acts of misconduct of the complaining witness in a forcible rape case are inadmissible. *State v. Severns,* 13 Wn. (2d) 542, 554, 125 P. (2d) 659 (1942), and cases cited.

Finally, defendants contend the court erred when it permitted two doctors, who examined the prosecuting witness shortly after the episode in question, to state that her physical condition could not have been the result of "ordinary normal sexual intercourse."

Defendants rely upon *State v. Acklus,* 126 Wash. 65, 217 Pac. 61 (1923), a case that was not called to the attention of the court during trial.

In the *Acklus* case, defendant was charged with carnal knowledge of a thirteen-year-old girl. The decision held it reversible error to permit a physician, who had examined the prosecuting witness, to testify that she had had sexual intercourse. The opinion states:

"The rule appears to be that the opinions of physicians and surgeons may be received to show the physical condition of a person, the effect of physical injuries, *by what means such injuries might have been inflicted,* and the like; but that it is improper to permit such a witness to express his opinion as to how such injuries were actually inflicted, *as that would be trespassing upon the province of the jury.*" (p. 66) (Italics ours.)

The state argues: That the *Acklus* case is not applicable. That the doctors were not asked how the injuries occurred and neither of them testified that the injuries were caused by intercourse, or that defendants had caused injuries. That, since physicians may testify "by what means such injuries might have been inflicted," they may express an opinion that the injuries were not caused in a certain way. That "ordinary" and "normal" are not synonymous with "voluntary"; hence, the doctors' opinions did not trespass upon the province of the jury.

■ We have no quarrel with the conclusion that a physician may testify "by what means" an injury may have been inflicted, and we find it unnecessary to delve into sematics in order to sustain the admissibility of questioned evidence upon the other grounds urged by the state.

In short, the *Acklus* case holds that an expert witness may not express his opinion on a proper subject if that opinion encompasses the ultimate fact to be determined by the jury.

The *Acklus* case has only been cited once in a majority opinion of this court, and then the court did not follow it. *State v. Smith,* 20 Wn. (2d) 53, 55, 145 P. (2d) 557 (1944). It has been cited in two dissenting opinions, one of which suggested it should be followed or overruled. *State v. Smith, supra; Flyzik v. Travelers Ins. Co.,* 20 Wn. (2d) 35, 44, 145 P. (2d) 539 (1944).

In *State v. Cox,* 172 Minn. 226, 215 N. W. 189 (1927), the trial court permitted a doctor to testify that, in his opinion, sexual intercourse had not been voluntary on the part of the prosecuting witness. The *Acklus* case was cited as authority to the contrary. It was rejected. The court said:

"But whatever may be the rule elsewhere, this court is not a follower of technicalities in procedure. State v. Nelson, 91 Minn. 143, 97 N. W. 652. We are also committed to the rule that the mere fact that the opinion of an expert covers the very issue which the jury has to pass upon does not call for its exclusion. [Citing authorities.]" (p. 229)

■ The rule announced in *State v. Acklus, supra,* has been overruled *sub silentio* in this jurisdiction. In *Gerberg*

*v. Crosby*, 52 Wn. (2d) 793, 795, 329 P. (2d) 184 (1958), we said:

"This court has long recognized that a *qualified expert* is competent to express an opinion on a *proper subject* even though he thereby expresses an opinion on the ultimate fact to be found by the trier of fact. Thus, in *Helland v. Bridenstine* (1909), 55 Wash. 470, 104 Pac. 626, the court said:

" 'The hypothetical question complained of was a fair summary of the facts which the respondent's evidence tended to prove. True the question embodied the very fact that was ultimately to be found by the jury, but this does not render it incompetent. To reach their final conclusion the jury were compelled to draw an inference from the facts proven which involved a question of medical science; . . . and as that question involved a matter of medical science, it was proper to submit to the jury on the question the opinion of an expert versed in that science.'

And in *Patrick v. Smith* (1913), 75 Wash. 407, 134 Pac. 1076, the court said:

" 'Two mining engineers, who testified that they had had experience and observation in the use of explosives in large quantities, in answer to a hypothetical question which assumed facts which the evidence tended to establish, were permitted to express an opinion that the explosion caused the loss of the water. It is argued that it was not competent for them to express an opinion upon the very issue the jury was required to decide. The testimony was competent.' "

This is in accord with the rule announced in American Law Institute's Model Code of Evidence 199, Ch. V. *Expert and Opinion Evidence,* Rule 401, and Handbook of the National Conference on Uniform State Laws, Rules of Evidence 56 (4), 193 (1953).

▮ We find no error in the admission of evidence.

The judgment is affirmed.

HILL, DONWORTH, ROSELLINI, and FOSTER, JJ., concur.