[No. 37879.   Department Two.   December 2, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. RAMONA LILA
HEDIN, *Defendant*, ROBERT ROLAND HUMISTON,
*Appellant.**

*Thomas J. Isaac*, for appellant.

*Charles O. Carroll* and *Arthur D. Swanson*, for respondent.

WARD, J.†—Robert R. Humiston, age 23, was convicted
of second degree assault committed upon Shawn Humis-
ton, his 2-year-old son.   Codefendant, Ramona Hedin,
was tried separately before the court without a jury, and
convicted of third degree assault.

On December 4, 1963, Ramona Hedin took the child to
the office of a qualified pediatrician in Seattle.   He ex-
amined the child and found a swelling over the mastoid
area "about two and one-half by three by five inches, quite
a large half an orange size mass."   On December 5, 1963,
x-rays of the area were taken disclosing a fracture of the
occipital bone, running the entire length of the bone.   The

*Reported in 408 P.2d 245.

†Judge Ward is serving as a judge pro tempore of the Supreme Court
pursuant to Art. 4, § 2(a)  (amendment 38), state constitution.

injury, in the words of the pediatrician, was of the type "caused by automobile accidents, by children falling from second story windows," or when "struck by a baseball bat." In addition, the examining physician found bruises on the face, over the shoulders, across the ribs, across the chest, a bruise in the pubic area, on both knees, and extreme bruising on both buttocks.

The defendant testified in his own behalf and admitted that he whipped the boy with his belt. After arrest, the defendant made two voluntary statements in writing to the Seattle police, in one of which he said: "I hit him hard enough with both my hand and the belt that I could have fractured some bones or left some bruises on him." The written statements were admitted in evidence without objection.

Mrs. Hedin testified that she saw the defendant whip the boy with a belt, snap him with a wet towel, and kick him, "in playing with the child."

The defendant Humiston claims that the evidence was sufficient, at most, to convict him of third degree assault. Under RCW 9.11.020, a conviction of second degree assault requires substantial evidence that the defendant willfully inflicted grievous bodily harm upon another with or without a weapon. There was evidence from which the jury could find beyond a reasonable doubt that the defendant was guilty of the crime of second degree assault.

The defendant assigns error to the giving of instruction No. 3, and the failure to give defendant's proposed instruction No. 3. Instruction No. 3, as given, contained a statement of the elements of second degree assault only and, under this instruction, the jury was permitted to find the defendant guilty of second degree assault only or acquit. Defendant claims that the jury could be confused by this instruction, and could be misled into the belief that it had only the alternative of a verdict of second degree assault or acquittal.

The court gave instruction No. 4 as follows:

You are instructed that under an Information charging Assault in the Second Degree, the accused may be

found guilty of the lesser-included crime of Assault in the Third Degree.

If, after a careful and dispassionate consideration of all the evidence introduced at the trial, you have a reasonable doubt that the accused is guilty of Assault in the Second Degree as charged in the Information, then you must consider whether or not he is guilty of Assault in the Third Degree.

If you believe beyond a reasonable doubt that the accused is guilty, either as charged or of the lesser-included crime, but you have a reasonable doubt as to which, you must resolve this doubt in favor of the accused and find him guilty of the lesser crime.

If you have a reasonable doubt that the accused is guilty either as charged or of the lesser crime, the accused is entitled to an acquittal.

No exception was taken to this instruction.

Defendant's proposed instruction No. 3 combined in one instruction the law stated by the trial court in both instructions No. 3 and No. 4.

Instruction No. 2, as given, included the admonition that the jury "must consider these instructions as a whole, not picking out one instruction and disregarding others."

■ It cannot be assumed that the jury considered instruction No. 3 as given by the court and disregarded instructions No. 2 and No. 4.

The jury, in the instructions given, was specifically and understandably instructed that it could find the defendant guilty of second degree assault, third degree assault or that it could acquit the defendant.

It is claimed that error was committed in permitting the pediatrician to give his medical opinion as to what caused the injuries observed. Defendant contends that the medical opinion given, "It is my opinion that this boy had been severely beaten over a protracted period of time" invaded the province of the jury and was erroneously admitted in evidence under the authority of *State v. Acklus,* 126 Wash. 65, 217 Pac. 61 (1923).

■ It will be noted that in *State v. Ring,* 54 Wn.2d 250, 255, 339 P.2d 461 (1959), we stated:

The rule announced in *State v. Acklus, supra,* has been overruled *sub silentio* in this jurisdiction. In *Gerberg v. Crosby,* 52 Wn. (2d) 793, 795, 329 P. (2d) 184 (1958), we said:

"This court has long recognized that a *qualified expert* is competent to express an opinion on a *proper subject* even though he thereby expresses an opinion on the ultimate fact to be found by the trier of fact. . . ."

This also disposes of defendant's claim that error was committed in permitting the physician to express the opinion that the child did not receive the injuries observed as a result of a fall from the child's toilet seat.

The defendant assigns error to the admission in evidence of photographs of the child and in permitting a witness to encircle with a red pencil the area of the injury referred to in his testimony.

Four black and white photographs were offered in evidence. The trial court admitted two only.

In *State v. Plumley,* 65 Wn.2d 592, 599, 398 P.2d 714 (1965), another case in which a child was severely beaten, the court stated:

We have said many times that admission of photographs, when properly identified and explained, lies within the sound discretion of the trial court. *State v. Swartos, ante* [65 Wn.2d 335], 396 P. (2d) 971 (1964); *State v. Little, supra* [57 Wn. (2d) 516, 521, 358 P. (2d) 120 (1961)].

The defendant does not indicate how the marks placed upon the photograph prejudiced him and this court is unable to find prejudice from the record.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

---

February 18, 1966. Petition for rehearing denied.