[No. 39628.    Department One.    November 24, 1967.]

*In the Matter of the Welfare of* LOREL L. LESPERANCE.
LOREL L. LESPERANCE *et al., Petitioners, v.* THE SUPERIOR
COURT FOR ISLAND COUNTY, *Charles F. Stafford, Judge,*
*Respondent.**

*Ross R. Runkel* and *Michael H. Rosen,* for petitioners.

*Richard L. Pitt,* for respondent.

OTT, J.†—March 24, 1967, at about 10:40 a.m., Lorel L. Lesperance, age 17, was given a traffic citation by a Washington state trooper to appear before the juvenile court of Island County. The citation stated that she had violated the traffic code of the state of Washington by driving in excess of 60 miles per hour in a 50-mile zone and for "improper passing."

April 4, 1967, the Island County probation officer caused Miss Lesperance and her mother to appear at his office for

*Reported in 434 P.2d 602.

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the purpose of discussing an informal disposition of the case as authorized by RCW 13.04.056. The mother did not accept the probation officer's suggested informal disposition and requested the cause be filed in the justice court and heard as an adult proceeding. Later her stepfather discussed the matter with the probation officer.

When the parents did not consent to the suggested informal disposition, the probation officer advised them that he would file a petition for a hearing of the cause in juvenile court. It was heard April 14, 1967. Miss Lesperance, with her stepfather Charles P. Wilkins and her mother Mary T. Wilkins, appeared without counsel. They again requested that the cause be remanded to the justice court of Island County. The juvenile court denied the request and entered its findings of fact which recited, *inter alia,* that Miss Lesperance had violated the motor vehicle laws of the state, that her best interests would be served if she were to remain under the jurisdiction of the juvenile court, that she was a delinquent child, and declared her to be a ward of the court. The court granted her probation (subject to the further order of the court) and directed that she remain under the care, custody and control of her parents, that she surrender her drivers license for 2 months, and abide certain other restrictions not here material.

From the order adjudicating Lorel L. Lesperance to be a delinquent child and a ward of the court, the parents sought and obtained a writ of certiorari. The writ was heard in this court on Monday, October 9, 1967.

Petitioners first assert procedural error in that Miss Lesperance was not granted a review of the informal disposition of the cause made before the probation officer.

RCW 13.04.056 provides:

> Whenever any child is brought to their attention the probation officers in each county *may with the consent of the parent, parents, or legal guardian* make whatever informal adjustment or disposition of the case as is practical without the filing of a petition as provided in RCW 13.04.060 *subject to the review of the juvenile court judge.* (Italics ours.)

The parents did not consent to the informal adjustment suggested by the probation officer, but instead insisted that the cause be transferred to the justice court so that Miss Lesperance could be dealt with as an adult. No informal disposition of the cause was accomplished "with the consent of the parent". There was nothing for the juvenile court to review.

■ Petitioners next assert that Miss Lesperance was not apprised of her right to be represented by an attorney. It is conceded that Miss Lesperance was not apprised of this right at the adjudicatory stage of the proceedings. The legislative policy of this state is expressly declared in RCW 13.04.240 to be that juvenile proceedings are not to be considered as criminal. One month and one day after this cause was heard in Island County, the Supreme Court of the United States handed down its decision in *In re Gault,* 387 U.S. 1, 41, 42, 18 L. Ed. 2d 527, 87 Sup. Ct. 1428 (1967). The Supreme Court of the United States held, *inter alia,* that both the juvenile and his parents "must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child." The right is to be "expressly . . . advised" that counsel might be retained as well as the right "to be confronted with the need for specific consideration of whether they . . . [will] or . . . [will not] choose to waive the right." This right arises in any delinquency proceeding "which may result in commitment to an institution in which the juvenile's freedom is curtailed" (at 41) RCW 13.04.095(6) and RCW 13.04.100 provide for commitment to an institution in the proper case.

We hold that in the light of the *Gault* decision, since Miss Lesperance was not apprised of her right to counsel in the adjudicatory stage of the proceedings, the judgment of the juvenile court must be reversed.

It is not the province of this court to comment upon legislative enactments. However, we would be remiss if we did not call to the attention of the legislature apparent

deficiencies in the state juvenile delinquency and dependancy statutes.

RCW 13.04.010 declares that

This chapter . . . shall apply to all minor children under the age of eighteen years who are delinquent or dependent; . . . .

. . . .

The words "delinquent child" mean any child . . . who violates any law . . . .

. . . [A]ll children who have been adjudicated delinquent and dependent children . . . shall be considered wards of this state and their persons shall be subject to the custody, care, guardianship and control of the court . . . .

As we interpret this section, a juvenile court judge has no other alternative (except as indicated below) when, as here, a juvenile has been found to have violated a relatively minor traffic regulation, than to adjudicate the juvenile to be a ward of the state and subject to the control of the court. See Hinckle, *The Juvenile Court Law of Washington Its History and Basic Considerations for its Revision*, 32 Wash. L. Rev. 376, 382 (1957). The court's other alternative would be to relinquish its jurisdiction to that of an adult court. RCW 13.04.120. The relinquishment of jurisdiction to another court would, upon conviction, establish for the juvenile a criminal record and render the child amenable to adult sanctions. The legislature has scrupulously attempted to avoid this result in the proper case. See RCW 13.04.091, 13.04.115, 13.04.130, 13.04.230 and 13.04.240. The law should be amended so that the juvenile court would have the authority and discretion to impose such sanctions for relatively minor offenses as the circumstances might warrant. To require the court to declare a juvenile to be a delinquent child and a ward of the court for the violation of a relatively minor traffic regulation is, in our opinion too harsh a *required* sanction to be imposed.

Further, RCW 13.04.070 should be amended to require that the juvenile, as well as the parents, receive a copy of the petition and notice of hearing, and that service be ac-

complished a sufficient time in advance of the scheduled court proceedings so as to afford a reasonable opportunity to prepare. *Gault, supra,* at 33-34. The 24-hour notice of hearing provided in the present statute should be extended.

In the light of the *Gault* decision, consideration should also be given to amending RCW 13.04.040. See *Gault, supra,* at 55-57.

■ The record before us establishes that Lorel L. Lesperance was born September 4, 1949. On September 4, 1967, she became 18 years of age. In *In re Dillenburg v. Maxwell,* 70 Wn.2d 331, 356, 422 P.2d 783 (1967), we said:

> Should he, however, be over the age of 18 years at the time the conviction be set aside, he is then amenable to prosecution as an adult, and a new trial should be granted to him. *State v. Ring,* 54 Wn.2d 250, 339 P.2d 461 (1959).

Applying the *Dillenburg* rule to the facts in this case, Miss Lesperance, now 18 years of age, is not subject to the juvenile court statutes of this state.

The cause is remanded with instructions to dismiss the juvenile proceedings without prejudice. Any further proceedings against Miss Lesperance shall be in accordance with her status as an adult.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.