[No. 10908.   Department Two.   June 2, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. L. R. HOLCOMB, *Appellant*.[1]

RAPE—EVIDENCE—CORROBORATION—SUFFICIENCY. A prosecutrix for forcible rape is sufficiently corroborated, "by other evidence," within the requirement of Rem. & Bal. Code, § 2443, where it appears that she made complaint to a girl friend on the same afternoon shortly after the commission of the offense, and also to her mother upon her mother's return home a day or so later.

APPEAL — REVIEW — HARMLESS ERROR — INSTRUCTIONS. It is not error to refuse requested instructions where the instructions given properly cover the law of the case.

RAPE—EVIDENCE—PRIOR ACTS BY PROSECUTRIX WITH THIRD PERSONS—ADMISSIBILITY. In a prosecution for forcible rape, prior acts of intercourse on the part of the prosecuting witness, with persons other than the defendant, cannot be shown, either on cross-examination of the prosecutrix or by evidence of third persons, for the purpose of affecting her credibility.

Appeal from a judgment of the superior court for Lincoln county, Baske, J., entered July 24, 1912, upon a trial and conviction of rape.  Affirmed.

*R. M. Dye* and *Martin & Wilson*, for appellant.

*James S. Freece* and *C. A. Pettijohn*, for respondent.

MAIN, J.—The defendant was charged by information with having committed the crime of rape by means of force. To the information, a plea of not guilty was entered.   The case was tried before the court and a jury, and resulted in a verdict of guilty.   Motion for a new trial being made and overruled, sentence was imposed.   The defendant appeals.

From the evidence, it appears that, on April 4, 1912, and for sometime prior thereto, the defendant and one Ellis Weddell were partners in the barber business, in the town of Harrington, Washington.   The former was 29 years of age and married, the latter 22.   On the afternoon of the day

[1]Reported in 132 Pac. 416.

mentioned, the prosecutrix, who was then just past fifteen years of age, was at the home, in Harrington, of one Edith Turpin, a girl 17 years old. At that time, by telephone, it was arranged that the two men should meet the girls and the four of them should go up the railroad track for the purpose of taking pictures with a kodak. In accordance with this arrangement, the defendant taking along his kodak, the four met on the railroad track of the Great Northern Railway Company, a short distance north of Harrington, and proceeded north along the track, the defendant walking with the prosecutrix and Weddell with the Turpin girl. After going a distance of about one mile, they passed through a cut, just beyond which, on the right of way near the track, were some piles of ties. Here the party sat down, the defendant and the prosecutrix at one end of the pile of ties and Weddell and Edith Turpin at the other. The prosecutrix claims that, at this time, the defendant began to take indecent liberties with her, and make improper proposals, which she resented and refused. While this was taking place, a passenger train was seen approaching. Thereupon the defendant desisted.

Prior to the coming of the passenger train, Weddell and the Turpin girl had arisen and gone some distance from the pile of ties where they had been sitting. After the train had passed by, the defendant and the prosecutrix walked over to where the other two were. Here the defendant asked the prosecutrix to go with him down where the wind would not blow, it being a windy day. Thereupon he put his arm around her waist, pulled her away from a telephone pole which she attempted to take hold of, and caused her to go down a steep bank or grade. He then led her around behind a bush at the bottom of the enbankment. There he sat down, removed his camera, and taking hold of her dress, pulled her over upon the ground, and against her remonstrances and efforts to prevent him, and while she was crying and screaming, held her hands and ravished her. After rising, they

went back to where the other two were, and then proceeded homeward along the railroad track.

On the way back, the defendant took several pictures, which were introduced in evidence, which are not suggestive of rectitude of conduct, one of which was of the Turpin girl lying on her back on the railroad track with Weddell kneeling beside her apparently holding her from rising and with her skirt so arranged as to show a portion of her person from the shoe tops to the knees. Before reaching town, it was agreed among them that the men and the girls should not be seen returning together. Thereupon, from the outskirts of the town, they took different routes. The girls went to the home of the prosecutrix, where the Turpin girl remained for a few minutes, and then returned to her home. The mother and the stepfather of the prosecutrix were, on this day, away from home, and did not return until the following evening about 9 o'clock. A Mrs. Mell was staying at their home during their absence. No complaint was made to Mrs. Mell by the prosecutrix of the treatment she claims to have received, but she complained to her mother on the morning following the latter's return.

The state claims that the prosecutrix is corroborated by Dr. Adams, who testified that he made an examination of her on April 6, 1912, two days after the alleged crime, and found that the hymen had been ruptured, and on the torn parts blood was present which had not undergone the process of turning black in color. The vagina was in an inflamed condition, and indicated that there had been some penetration within a few days preceding.

Two witnesses testified that, on April 6th, they went over the ground where the crime was alleged to have been committed, and found many shoe tracks which corresponded in size to the shoe that the prosecutrix wore upon the day in question; that the rye grass at the bush was mashed and tramped down. One of these witnesses testified that the Turpin girl, at her home on April 6th, in the presence of the

stepfather of the prosecutrix, admitted to him that, when the prosecutrix and the defendant returned from behind the bush, that she looked at her and noticed that she had been crying, that her hair ribbons had been distorted, and that she called her attention to them. On the witness stand, the Turpin girl denied having made this admission, but on cross-examination the following appears in her testimony:

"Q. What did she (the prosecutrix) say? A. She says 'Did you hear me crying, kid?' and I says, 'No, I did not hear you crying; you haven't been crying,' and she says 'Yes,' and I says 'What have you been crying for?' and she says, 'Oh, something.' "

This conversation occurred shortly after the defendant and Weddell had separated from the girls to go into town, and while the girls were walking homeward alone.

The defendant, as a witness in his own behalf, positively denied any wrongdoing. Edith Turpin and Weddell as witnesses were adverse to the state. While the prosecutrix was on the witness stand, the defense sought to inquire of her whether she had had previous intercourse with other men, and it was stated to the court that the defense proposed to prove such acts by third persons. Objection to the cross-examination and to the other testimony offered was interposed and sustained by the court.

The questions which are chiefly material are, first, was the corroborating evidence presented sufficient to carry the case to the jury? second, did the court err in giving the instructions or in refusing requests? and third, did the defendant have the right to inquire, either upon cross-examination of the prosecutrix or of other persons, whether she had previously been guilty of intercourse with other men?

I.   The appellant's first contention is that there is an absence of corroboration of the prosecutrix and, therefore, insufficient evidence to carry the case to the jury under § 2443, Rem. & Bal. Code, which provides that the evidence of the female upon or against whom the crime was committed

must be corroborated by other evidence.   As appears from
the facts stated, the prosecutrix made complaint to her girl
friend on the afternoon of the occurrence immediately after
they were separated from the men, and also to her mother
the morning following the latter's return.   Complaint of the
injured party, if made within a reasonable time after the oc-
currence may, if believed by the jury, be sufficient corrobora-
tive evidence.   In the text of 33 Cyc. 1463, the law on this
subject is stated in these words:

"It is admissible to show by the testimony of the pros-
ecutrix or other witnesses, in corroboration of her testimony,
that complaint was made shortly after the commission of
the alleged offense, and when, where, and to whom it was
made, but by the weight of authority the evidence must be
confined to the bare fact that complaint was made; the de-
tails or particulars of the complaint not being admissible as
substantive testimony unless the statement is part of the *res
gestae*.   The particulars of the complaint are competent,
however, by way of corroboration of the prosecutrix when
her testimony has been impeached, or they may be brought
out by defendant on cross-examination; and if defendant, on
cross-examination, brings out a portion of the particulars,
the rest may be brought out by the state.   So also if the
statements are made immediately after the commission of the
crime, they are admissible as part of the *res gestae*."

In the case of *State v. Myrberg*, 56 Wash. 384, 105 Pac.
622, it is said:

"Instruction No. 12 is conceded to be correct, if evidence
of two women to whom the girl made complaint was properly
received.   It is proper to prove that the injured female made
complaint, when such complaint is seasonably made.   The
testimony of one of these women as to complaints was stricken
by the court.   The other testified to a complaint "about the
first or middle of March."   The time of the act was fixed by
the state as the last of February or first of March.   The evi-
dence was properly received, and was within the rule as to
time, and the instruction based upon such evidence was
proper."

There can be no question but what the evidence of the prosecutrix as to the intercourse is amply corroborated. On the other element of the offense; that of force and without consent, the evidence is not so convincing, but is sufficient to carry the case to the jury.

The appellant relies on the case of *State v. Raymond*, 69 Wash. 98, 124 Pac. 495, as supporting his contention that, as a matter of law, there was no corroborative evidence. The distinction between that case and this is that there the court held that there was an entire absence of corroborative evidence, while in the present case there is sufficient corroborative evidence to make the question one of fact for the jury. To hold that the *Raymond* case is controlling here would be to extend the doctrine there announced. This we think should not be done, as that case went quite far enough in holding, as a matter of law, that the evidence presented was not corroborative.

II.   The appellant also assigns error as to the instructions given and the refusal to give requested instructions. Without reviewing in detail these assignments, it is sufficient to say that the instructions given properly cover the law of the case; and under such circumstances, it was not error to refuse to give requested instructions even though such requests contained correct statements of the law. All that the law requires is, that the jury be correctly instructed upon the issues of the case, and in doing this the trial court may choose its own language and phraseology.

III.   It is urged that the court erred in sustaining the objection to the cross-examination of the prosecutrix as to prior acts of intercourse with other men, and also in refusing to allow such acts, if any, to be shown by third persons. Prior acts of intercourse on the part of the prosecuting witness with persons other than the defendant cannot be shown, either upon cross-examination of her as a witness, or by evidence of third persons for the purpose of affecting her credibility; the reason being that, when she offers herself as a witness in

an action for rape alleged to have been committed upon her, she should not be required to anticipate charges of specific acts of illicit intercourse which may be made by men suborned to testify against her, and thereby damage her credibility. *State v. Ogden*, 39 Ore. 195, 65 Pac. 449; *State v. Harsted*, 66 Wash. 158, 119 Pac. 24.

There are other assignments of error, but they are not of sufficient moment to justify or require a discussion of them seriatim. They have all been considered and, in our opinion, are without merit.

The judgment will be affirmed.

CROW, C. J., FULLERTON, ELLIS, and MORRIS, JJ., concur.