[No. 24420. Department Two. December 21, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES PIERSON, *Appellant*.[1]

*John C. Richards* and *Earl W. Husted,* for appellant.

*Lawrence M. Keplinger,* for respondent.

BLAKE, J.—By information, the defendant was charged, under two counts, with the crimes of attempted rape and of assault in the second degree. From judgment entered on verdicts of guilty on both counts, defendant appeals.

There are six assignments of error, which may be grouped and discussed under three heads: (1) That the cross-examination of the prosecuting witness was unduly restricted; (2) that the cross-examination of the father of the prosecuting witness was unduly re-

[1]Reported in 27 P. (2d) 1068.

stricted; and (3) that the court erred in denying appellant's motion for new trial.

██ Counsel for appellant, on cross-examination of the prosecuting witness, asked her questions designed to show that she was a delinquent and unchaste girl. It is now settled in this state that the character of a witness can be attacked only by showing his general reputation, and not by specific acts of misconduct, unless such specific acts are material to the main issue. *State v. Gaffney,* 151 Wash. 599, 276 Pac. 873, 65 A. L. R. 405. As pointed out in that case, there are exceptions in cases of seduction and statutory rape. In such cases, the prosecuting witness may be cross-examined as to specific acts of unchastity. *State v. Jones,* 80 Wash. 588, 142 Pac. 35; *State v. Godwin,* 131 Wash. 591, 230 Pac. 831. The exception does not extend, for obvious reasons, to cases of forcible rape. *State v. Holcomb,* 73 Wash. 652, 132 Pac. 416; *State v. Gay,* 82 Wash. 423, 144 Pac. 711. The rule is stated in the latter case as follows:

"It is the general rule that, in prosecutions for forcible rape, specific acts of unchastity on the part of the prosecutrix cannot be shown to affect her credibility, although her general reputation for chastity may be shown for that purpose. *State v. Holcomb,* 73 Wash. 652, 132 Pac. 416; *People v. McLean,* 71 Mich. 309, 38 N. W. 917, 15 Am. St. 263; *People v. Abbott,* 97 Mich. 484, 56 N. W. 862, 37 Am. St. 360; Underhill, Criminal Evidence (2d ed.), § 418; 3 Greenleaf, Evidence, § 214."

On cross-examination of the father of the prosecuting witness, questions of similar import were asked of him. On the same principle, objections to the questions were properly sustained. *State v. Holcomb,* 73 Wash. 652, 132 Pac. 416.

██ ██ Motion for new trial was filed June 4, 1932. The motion was argued on June 25th. On the latter

date, appellant filed affidavits of the following import: (a) That O'Dell, a witness for the state, had, during the progress of the trial, winked at and made other signs to a juror; (b) that the prosecuting witness had sworn, in making application for a marriage license subsequent to the trial, that she was eighteen years of age, whereas she testified that she was fifteen. The court denied the motion for new trial, without giving the prosecuting attorney an opportunity to file counter-affidavits.

As to the charge of misconduct of the juror, the court had first-hand knowledge; it being alleged that the misconduct had occurred in open court. In denying the motion, the court evidently gave more credence to his own powers of observation than to the asseverations of the affiants. In this, he was not in error.

The age of the prosecuting witness was not material to the issues in the case. The discrepancy between her testimony and her statement in the application for a marriage license was immaterial.

The judgment is affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.