[No. 37329.    Department Two.    December 10, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. VERNON
MITCHELL, *Appellant*.*

*Richard E. Kane* (of *Kadish & Kane*), for appellant.

*Charles O. Carroll* and *William L. Kinzel*, for respondent.

PER CURIAM.—At about 3 a.m., on March 16, 1963, in the
Birdland dance club in Seattle, Washington, Marilyn Van
Ausdell was wounded in the abdomen with a small caliber
pistol. Her former boy friend, defendant Vernon Mitchell,
was accused of the shooting. He was charged, tried, and
convicted of the crime of assault in the first degree. He
appeals.

The sole issue raised upon the appeal is the sufficiency
of the evidence to sustain the conviction. In this respect,

*Reported in 397 P. (2d) 417.

defendant contends the proof fails to establish the essential element of an intent to kill, because (a) there is no evidence, apart from the act of shooting, from which the jury could infer the intent to kill, and (b) the evidence demonstrates that defendant was, at the time of the shooting, too intoxicated to form the requisite intent.

We have carefully reviewed the statement of facts and must disagree with defendant.

The specific intent to kill in first-degree assault cases is to be gathered from all of the circumstances of the case, of which the infliction of the wound is but one. *State v. Davis*, 72 Wash. 261, 130 Pac. 95 (1913). In the instant case, the evidence indicates, together with other circumstances, that the defendant and the complaining witness had, shortly before the incident at Birdland, terminated a meretricious relationship following which the defendant had threatened the life of the complaining witness. This evidence, coupled with the manner and act of the shooting, sustains the jury's finding of intent.

The evidence further indicates that, although defendant had consumed a substantial amount of alcohol, he was able to move about and around the various areas of the dance club and to aim and fire the weapon involved. The question of the degree and effect of his intoxication upon the formation of an intent to kill clearly became an issue for the jury under the provisions of RCW 9.01.114. *State v. Jensen*, 194 Wash. 515, 78 P. (2d) 600 (1938).

Judgment affirmed.