[No. 37628.    Department One.    July 15, 1965.]

The State of Washington, *Respondent,* v. James Eugene Allen, *Appellant,* Carl Marsh, et al., *Defendants.**

*Samuel P. Hale,* for appellant.

*Robert E. Schillberg* and *Gerald R. Gates,* for respondent.

*Reported in 404 P.2d 18.

SHORETT, J.†—Appellant James Eugene Allen and two other young men were charged in separate counts of an information with the crimes of conspiring to commit rape and rape. All were acquitted of the conspiracy charge. The appellant and one other defendant were convicted, and the third defendant acquitted, of rape.

The appellant appeals alleging error by the trial court in restricting the cross-examination of the prosecutrix regarding prior acts of unchastity or general reputation in this regard and in denying the appellant's motions to dismiss for lack of evidence. It is further claimed that the jury's verdict acquitting on the conspiracy count and convicting on the rape count is inconsistent and that there is a further inconsistency in convicting two of the defendants and acquitting the other of the rape charge.

Testimony in the case indicated that the three defendants accompanied by one girl picked up the prosecutrix and another girl and commenced a round of beer drinking in taverns and cruising about county roads. Two of the girls left the party around 10:30 p. m., leaving the prosecutrix and the three young men together. They drove to the end of a lonely logging road where, according to the prosecutrix, she was seized by the three boys, her clothes torn off, and raped by the defendant Hopkins. She testified that while the defendant Hopkins was having sexual intercourse with her, the appellant held her arm, struck her in the face and threatened to kill her.

During the trial, without objection by the state, the prosecutrix was asked by the attorney for one of the other defendants if she had ever had intercourse prior to the rape incident. She admitted one prior act and the prosecuting attorney then was permitted on redirect examination to show that the prosecutrix and the man involved "were going to get married."

The only other question asked relating to prior acts was, "What was the last time you were out on a date just prior

†Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

to this incident?" Objection was sustained to this question, the trial judge saying, "Asking her if she had any dates with any men or boys is going too far afield. You will have to approach the question more directly than that." No further questions regarding prior acts were asked by any of defense counsel.

Even assuming that the subject-matter of prior unchaste acts had been opened up by the prosecuting attorney's failure to object to the first question or by his own questioning on the subject, the trial court's only ruling was that the subject of prior dates was "too far afield." This line of questioning, not being pursued by defense counsel, the question of admissibility of prior unchaste acts is not presented by the record. Nor does the record indicate a basis for appellant's claim that he was denied the right to ask concerning the prosecutrix's general reputation for chastity.

▇▇ Neither prior acts of misconduct by the prosecutrix nor general reputation for chastity are admissible in this type of case. *State v. Severns,* 13 Wn.2d 542, 125 P.2d 659 (1942); *State v. Ring,* 54 Wn.2d 250, 339 P.2d 461 (1959).

Little need be said regarding appellant's claim that there was a lack of evidence to submit the rape charge to the jury. The court properly instructed the jury that the appellant could be convicted as a principal, if he aided and abetted the actual perpetrator. As already indicated, there was abundant evidence upon which the jury could find that the appellant aided the defendant Hopkins in the commission of the crime. RCW 9.01.030; *State v. Olson,* 50 Wn.2d 640, 314 P.2d 465 (1957).

With reference to appellant's claim that the jury verdicts are inconsistent in acquitting on conspiracy charge and convicting only two of the three defendants on the rape charge, an examination of the record indicates a factual basis upon which the jury could have decided that neither the conspiracy nor the participation of the acquitted defendant was proved beyond reasonable doubt.

The judgment is affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.