[No. 227-40836-1.    Division One.    June 8, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. EARL JAMES DORROUGH, *Appellant*.

*Trethewey, Brink & Wilson, Robert Earl Smith,* and *Daniel Brink,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Jerry Brian Reiss, Deputy,* for respondent.

WILLIAMS, J.—The crime charged in this case was carnal knowledge of a female child under the age of 18. Trial to the court without a jury resulted in conviction. The defendant appeals.

The court in its one finding of fact related in some detail

the events making up the offense. Appellant assigns error to the finding, claiming the evidence is insufficient. There is substantial evidence in the record to support the finding, and it will not be disturbed on appeal.

Error is also assigned to the refusal of the trial court to permit appellant's counsel to cross-examine the prosecuting witness as to prior acts of sexual misconduct. The ruling was based upon the court's understanding that this type of inquiry was not permissible in a carnal knowledge case. *State v. Ring*, 54 Wn.2d 250, 339 P.2d 461 (1959) was cited to the trial court by the state's counsel and apparently relied upon by the trial judge in making his ruling. *Ring* was a forcible rape case in which it was held that specific acts of misconduct of the complaining witness were inadmissible. Appellant's contention is that the admissibility of the evidence was discretionary with the trial judge, and that his failure to exercise that discretion was an error which prejudiced appellant in his attack upon the credibility of an essential state's witness.

As to the first part of this contention, appellant is correct. It is discretionary with the trial court to permit evidence of specific acts of sexual misconduct to be received to impeach the credibility of the prosecuting witness in a carnal knowledge case. *State v. Lampshire*, 74 Wn.2d 888, 447 P.2d 727 (1968).

As a general rule, specific acts of misconduct may not be used to impeach a witness. *State v. Robbins*, 35 Wn.2d 389, 213 P.2d 310 (1950); *State v. Thomas*, 8 Wn.2d 573, 113 P.2d 73 (1941). In the past, an exception to this rule has been made in sex cases, but even this use has been increasingly restricted. In *State v. Severns*, 13 Wn.2d 542, 125 P.2d 659 (1942), evidence showing specific acts of misconduct on the part of the complaining witness was foreclosed in forcible rape cases. This rule was then applied in *State v. Ring, supra* and *State v. Allen*, 66 Wn.2d 641, 404 P.2d 18 (1965), both forcible rape cases. In *Allen* the court said at page 643:

Neither *prior acts of misconduct* by the prosecutrix nor *general reputation* for chastity are admissible in *this type of case.*

(Italics ours.)

In prosecutions for violation of RCW 9.79.020, the carnal knowledge cases, evidence of general reputation for unchastity was held to be inadmissible in *State v. Wolf,* 40 Wn.2d 648, 245 P.2d 1009 (1952). However, upon the authority of *State v. Linton,* 36 Wn.2d 67, 216 P.2d 761 (1950), it was still left within the discretion of the trial court whether or not to admit evidence as to specific acts of misconduct. The court in *Linton* observed that proof of prior unchastity would have no relevancy as to whether the prosecutrix had been carnally known or was under 18 years of age, or was not the defendant's wife; and that, therefore, its only purpose would be to impeach the witness' credibility. The court then cast grave doubts upon the validity of that purpose. Reference was made to *People v. Gray,* 251 Ill. 431, 96 N.E. 268 (1911), wherein it was said:

If the reputation of the prosecuting witness for chastity were to be held admissible as going to her general credibility, then, logically, such testimony would be equally admissible as to the credibility of any female who might be called to give evidence in any case. The court properly excluded the evidence as to the reputation of the prosecuting witness for chastity."

(Italics omitted.) The court also quoted from *People v. Johnson,* 106 Cal. 289, 39 P. 622 (1895) as follows:

If this class of evidence was admissible as going to the credibility of the testimony of the prosecutrix in its entirety, then it would be equally admissible as against the veracity of any female who might be called upon to give evidence in a case. Yet no such principle is recognized anywhere.

(Italics omitted.)

The court overruled previous cases which established that a defendant has a *right* to cross-examine a prosecutrix in this way and to place the decision within the discretion of the trial judge, where it remains. *State v. Lampshire,*

*supra; State v. Brown,* 68 Wn.2d 852, 416 P.2d 344 (1966); *State v. Wolf, supra.*

■ From the trend of the foregoing decisions, it would appear that the correlation between credibility and chastity has almost vanished. Those cases were all tried to a jury. Assuming that the prosecuting witness had engaged in previous sexual activities, we do not believe that evidence thereof could have conceivably changed the result. The court in its oral decision carefully considered the testimony of all of the witnesses and placed the course of events in logical sequence. There was corroboration of the testimony of the prosecuting witness on several crucial points. We do not believe that appellant was prejudiced by the refusal of the trial court to hear testimony concerning possible prior misconduct of the prosecuting witness. It is clear from an examination of the entire record that even if the question of previous sexual misconduct had been allowed, and even if the witness admitted to one or more experiences, the result of the trial would have been the same. *State v. Nist,* 77 Wn.2d 227, 461 P.2d 322 (1969).

■ Finally, appellant contends that there was no evidence to establish that the prosecuting witness and appellant were not married and that there was no finding in that regard. There was circumstantial evidence introduced from which the court could properly draw an inference that the two parties were not married. In its conclusions of law, the court stated that the female child was "not then and there the wife of said Earl James Dorrough, . . ." A conclusion of law which partakes of the nature of a finding of fact may be treated as such. *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963); *In re Estate of Verbeek,* 2 Wn. App. 144, 467 P.2d 178 (1970).

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.