[No. 1447-2.   Division Two.   March 26, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM DALE GEER, *Appellant*.

72

*Robert L. Charette* and *Charette & Brown*, for appellant (appointed counsel for appeal).

*Curtis Janhunen, Prosecuting Attorney,* and *David Foscue, Deputy,* for respondent.

PEARSON, J.—The defendant, William Geer, is appealing from a conviction for rape.

The defendant and the prosecuting witness had been acquainted for a number of years. Shortly after midnight on November 3, 1973, Geer gained entry into the victim's home by breaking a window in order to unlatch the door. She confronted him in the entryway to the living room. Geer acted very strangely and was apparently intoxicated. He claimed that someone was after him. The victim conversed with him for a time in an effort to further ascertain his difficulty. Geer then made advances towards her and pushed her into a prone position on the couch. When she resisted by both force and verbal plea, he produced a hunting knife from his jacket and held it to her forehead. She testified that at this point she was very much frightened. Geer thereupon succeeded in removing her pajamas and having intercourse with her without her further resistance. Geer admits that he forced his way into the victim's home, that he held a hunting knife to her forehead, and that he had intercourse with her. He maintains, however, that the intercourse was consensual.

Shortly after these events occurred, the victim telephoned the police and she was taken to the hospital. She was examined by Dr. Charles Ward, who testified to the presence of spermatozoa in the vaginal canal and to the absence of any muscle, bone, or joint injury in the pelvic

area. He also testified that there were no bruises or lacerations on her body except for a cut on her forehead.

The defendant's assignments of error on this appeal concern: (1) the refusal of the trial court to admit evidence of the victim's prior sexual misconduct or reputation for lack of chastity; (2) the refusal of the court to allow Dr. Ward to opine as to whether her "condition was the result of ordinary, normal, sexual intercourse"; (3) the court's failure to give an instruction on the defense of voluntary intoxication; and (4) his disheveled appearance during the selection of the jury. For the reasons which follow, we find these assignments of error to be without substantial merit.

At the outset of the trial the court granted the prosecution's motion to limit the scope of the cross-examination. Specifically, the court ruled that it would not receive evidence showing that: the victim had lived with a man who was not her husband; she had an illegitimate child as a result of this relationship and had commenced filiation proceedings against the father; and she had two other illegitimate children.

In cases involving rape and related crimes, proffered evidence of the prosecuting witness' lack of chastity may take the form of specific acts of sexual misconduct or general reputation for chastity. Persons accused in such cases often seek to interject this evidence in order to show the consent of the prosecutrix (if consent is in issue) and to impeach her credibility.

■ There is ample authority in Washington to support the proposition that specific acts of sexual misconduct on the part of the prosecutrix are inadmissible in rape cases as such evidence bears on neither the question of consent or credibility. *State v. Allen*, 66 Wn.2d 641, 404 P.2d 18 (1965); *State v. Ring*, 54 Wn.2d 250, 339 P.2d 461 (1959); *State v. Severns*, 13 Wn.2d 542, 125 P.2d 659 (1942); *State v. Pierson*, 175 Wash. 650, 27 P.2d 1068 (1933); *State v. Gay*, 82 Wash. 423, 144 P. 711 (1914); *State v. Holcomb*, 73 Wash. 652, 132 P. 416 (1913). Such evidence has little or no relationship to either the ability of the prosecuting witness

to tell the truth under oath or her alleged consent to the intercourse. Any relevancy that may exist is outweighed by its inflammatory effect. Its use could easily discourage prosecutions for rape; it is distracting, and it may so prejudice the jury that it would acquit even in the face of overwhelming evidence of guilt. We do not believe the rule excluding such evidence should be entirely inflexible. There may exist the extraordinary case in which evidence of specific acts of misconduct might be so highly relevant and material that it should be admitted. *Cf. State v. Pierson, supra.* This, however, is not such a case, as will be discussed below.

▮ The Washington law on the use of chastity reputation evidence is less clear. *State v. Allen, supra,* stated flatly that such evidence is inadmissible, citing *State v. Ring, supra,* and *State v. Severns, supra.* Neither of the cited cases supports that proposition. In fact, the court in *State v. Severns* noted that such evidence was properly received at defendant's trial. Moreover, *State v. Allen* did not further explain its statement, which was in fact not essential to the holding of the case. However, *State v. Wolf,* 40 Wn.2d 648, 245 P.2d 1009 (1952), a carnal knowledge case, held that chastity reputation evidence could not be used to impeach the prosecutrix's credibility, since her reputation for having an unchaste character has little or no bearing on her ability to tell the truth. We agree with the court's observation that:

> If the witness' reputation for chastity is so bad that it has in some way affected his or her reputation for truth and veracity, then the direct question can be asked as to reputation for truth and veracity. If the witness' reputation for chastity has not produced this result, then the jury should not be invited to make this deduction.

*State v. Wolf, supra* at 653. We believe, moreover, that in the usual case, such evidence has little relevancy to the issue of consent.[1]

---

[1]To be distinguished are attempted rape cases. Attempted rape requires the specific intent to rape. The accused's subjective belief that

In the instant case it makes no difference whether the proffered evidence concerning the victim's past sexual conduct is characterized as "reputation evidence" or "specific acts of misconduct." The evidence simply is not relevant.

Geer broke into the victim's home late in the evening. He intimidated her by producing a hunting knife and he physically forced himself upon her. Under such circumstances it can hardly be said that her ultimate submission was consensual. *See State v. Thomas*, 9 Wn. App. 160, 510 P.2d 1137 (1973). There is nothing about the victim's past conduct with other men which would have any bearing whatsoever on this conclusion.

■ The defendant next contends that he should have been allowed to ask Dr. Ward whether he thought that the victim's condition was the result of "ordinary, normal, sexual intercourse." It is true that *State v. Ring, supra,* permitted such a question. However, the trial court understandably found the defendant's choice of words ambiguous and subject to differing interpretations. The court permitted the defendant to ask Dr. Ward whether he thought the victim's condition could have resulted from forcible entry. This question was more precise as it bore on the issue of consent, and so we hold that no error was committed.

■ The defendant's third assignment of error concerns the failure of the trial court to give an instruction on the defense of voluntary intoxication. RCW 9.01.114 allows the defense of voluntary intoxication when it tends to show the lack of motive, purpose or specific intent necessary for the commission of a particular offense. *See State v. Conklin,* 79 Wn.2d 805, 489 P.2d 1130 (1971); *State v. Byers,* 136 Wash. 620, 241 P. 9 (1925); *State v. Welsh,* 8 Wn. App. 719, 508 P.2d 1041 (1973); *State v. Utter,* 4 Wn. App. 137, 479 P.2d 946 (1971). But rape is not a crime involving specific intent, nor are motive and purpose relevant. *See* RCW

the prosecutrix would consent to intercourse may refute that specific intent. Hence, chastity reputation evidence may be relevant to the issue of the accused's state of mind. *See State v. Simmons,* 59 Wn.2d 381, 368 P.2d 378 (1962).

9.79.010; *State v. Smith*, 3 Wn.2d 543, 101 P.2d 298 (1940); *United States v. Thornton*, 498 F.2d 749 (D.C. Cir. 1974); *cf. State v. Huey*, 14 Wn.2d 387, 128 P.2d 314 (1942) (indecent liberties case). Therefore voluntary intoxication is no defense to rape. *See* Annot., 8 A.L.R.3d 1236 § 3.(b) (1966); 65 Am. Jur. 2d *Rape* §§ 2, 35 (1972). The court's ruling was correct.

Defendant lastly contends that he should have been granted a mistrial because the deputy sheriff refused to allow him to shave or comb his hair prior to the commencement of the proceedings. While the deputy sheriff's action certainly should not be condoned, we do not believe that the defendant was seriously prejudiced. Defense counsel did not notice defendant's appearance until after the jury was impaneled. At that point the matter was brought to the attention of the court. The court remarked that defendant's uncombed and unshaven appearance was not particularly noticeable. The court did, however, allow the defendant to return immediately to his cell to shave and comb his hair. Under these circumstances we do not believe the error was prejudicial to the extent of depriving defendant of a fair trial.

Judgment affirmed.

PETRIE, A.C.J., and ANDERSEN, J., concur.

Petition for rehearing denied May 22, 1975.

Review denied by Supreme Court July 29, 1975.