[No. 5306–1.   Division One.   June 8, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY DALE NORBY, *Appellant.*

*Bendich, Stobaugh & Strong* and *David F. Stobaugh,* for
appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Philip
Y. Killien, Deputy,* for respondent.

RINGOLD, J.—Early morning July 24, 1976, Larry Norby
was removed from the Riverside Inn by an off–duty
Tukwila police officer. He remained in the parking lot
threatening and accusing various persons, including Patrick
Kirk, of causing his removal. Kirk tried to ignore Norby
but Norby grabbed him, spun him around, hit him with his
left hand and then hit him in the face with a beer bottle.
The bottle broke on impact cutting Kirk about the eye and
forehead.

Norby was charged in the words of RCW 9A.36.020(1)(b)
with assault in the second degree. The statute provides in
relevant part:

> Every person who, under circumstances not amounting to
> assault in the first degree shall be guilty of assault in the
> second degree when he:
>
> . . .
>
> (b) Shall knowingly inflict grievous bodily harm upon
> another with or without a weapon; . . .

The defense was intoxication. Norby asked for and received the voluntary intoxication instruction. He also asked for an instruction that would have allowed the jury to convict him of a lesser included offense of simple assault. The lesser included offense instruction was not given and Norby was convicted of second–degree assault. He appeals.

The sole issue is whether the court erred in not giving the lesser included offense instruction requested by Norby.

■ Following *State v. Young*, 22 Wash. 273, 60 P. 650 (1900), the Supreme Court in *State v. Donofrio*, 141 Wash. 132, 136, 250 P. 951 (1920) held that:

[W]here the evidence is such as to warrant the jury in believing the accused guilty only of a lower degree of the offense with which he is charged, it is the duty of the court to submit to the jury the question of the guilt or innocence of the accused of the lower degree, as well as the question of his guilt or innocence of the higher degree.

Simple assault is a lesser included offense of second–degree assault. RCW 9A.36.040 provides:

(1) Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

■ The new criminal code defines four kinds of culpability: intent, knowledge, recklessness, and criminal negligence. RCW 9A.08.010. The code allows the jury to take the fact of intoxication into consideration *whenever a particular mental state is a necessary element* of the crime charged. RCW 9A.16.090. To "knowingly inflict grievous bodily harm" is a particular mental state that is a necessary element of second–degree assault as charged.

The State argues the degree of culpability for simple assault is at the least "knowledge" and thus the lesser included offense instruction was properly denied.

■ Because the simple assault statute does not define the degree of culpability required to convict, resort must be had to the common law definition of "assault." RCW

9A.04.060; *State v. Murphy,* 7 Wn. App. 505, 510, 500 P.2d 1276 (1972). It is well established that an assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented. *State v. Murphy, supra* at 511; *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 505, 125 P.2d 681 (1942). Intent to do a particular act is a necessary element of an attempt. *State v. Nicholson,* 77 Wn.2d 415, 420, 463 P.2d 633 (1969). Knowledge is necessary to intention. RCW 9A.08.010(2); *Northwestern Benev. Soc'y v. Dudley,* 27 Ind. App. 327, 61 N.E. 207, 208 (1901). Therefore the culpability required for common–law assault is at least equivalent to "knowledge," the culpability involved in second–degree assault (RCW 9A.36.020(1)(b)). This is not dispositive, however, because the particular element of "knowingly inflict[ing] grievous bodily harm" is *not* present in simple assault.

Norby argues that the jury could have found that he was too drunk to "knowingly inflict grievous bodily harm." We agree. Simple assault requires only a general criminal intent and does not allow intoxication as a defense. *People v. Rocha,* 3 Cal. 3d 893, 479 P.2d 372, 92 Cal. Rptr. 172 (1971). The crime charged, second–degree assault, allows the "particular mental state" to "knowingly inflict grievous bodily harm" to be negated by intoxication. *See State v. Welsh,* 8 Wn. App. 719, 724, 508 P.2d 1041 (1973); *State v. Mitchell,* 65 Wn.2d 373, 397 P.2d 417 (1964); *cf. State v. Geer,* 13 Wn. App. 71, 533 P.2d 389 (1975); *State v. Huey,* 14 Wn.2d 387, 128 P.2d 314 (1942). *See* Annot., 8 A.L.R. § 4(b), at 1236.

The trial court erred in failing to submit Norby's requested instruction on simple assault. This matter is therefore remanded to the trial court for a new trial in accordance with this opinion.

JAMES, J., concurs.

FARRIS, C.J. (dissenting)—I dissent. A simple assault is an assault or assault and battery not amounting to assault in the first, second or third degree. RCW 9A.36.040.

A lesser included offense instruction is proper when the evidence would warrant a jury finding that the accused is only guilty of a lower degree of the offense with which he is charged. The undisputed evidence is that Norby struck the victim with a beer bottle. A simple assault instruction was not proper under these facts. Norby was guilty of second–degree assault under RCW 9A.36.020(1)(e):

(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

. . .

(e) With criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm.

That the prosecutor (perhaps erroneously) charged Norby under subsection (1)(b), which allows intoxication as a defense, does not alter the facts of the assault. Under the facts, Norby was guilty of second–degree assault or not guilty at all. I would affirm.

Reconsideration denied August 22, 1978.