IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56096-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DEMECIES DAYTON CRAVER, | |
| Appellant. | |

WORSWICK, J. — A jury found Demecies Craver guilty of third degree assault as a lesser

degree offense after being unable to reach a verdict on second degree assault. Craver appeals his

conviction, arguing that the evidence admitted at trial was insufficient to support his conviction.

The State concedes this error. Craver also filed a Statement of Additional Grounds for Review

(SAG), claiming that the jury improperly communicated with a third party.

We accept the State's concession that Craver's conviction is not supported by sufficient

evidence, and we reverse the conviction and remand for a new trial. Because we reverse and

remand for a new trial, we do not reach Craver's SAG.

FACTS

I. BACKGROUND

Vanessa Sanchez-Ramirez and Craver were in a dating relationship. One night, Craver

accused Sanchez-Ramirez of being unfaithful and told her he could "kill [her] right now."

1 Verbatim Report of Proceedings (VRP) (Sept. 23, 2020) at 13. As Sanchez-Ramirez tried to

leave, Craver grabbed her by the chin and started to strangle her. Sanchez-Ramirez struggled to push him off and ended up on her back. Craver proceeded to punch her back multiple times, pulled her hair, hit her in the head, punched her stomach at least three times, and pinched her breasts causing her to bruise.

Craver strangled Sanchez-Ramirez until her vision started to get blurry and her throat felt dry, making it harder for her to breathe. Sanchez-Ramirez was able to bite one of Craver's fingers, which eventually led Craver to stop. Sanchez-Ramirez was left with bruises on her breasts, arm, chin, and neck for two weeks.

Three days later, Sanchez-Ramirez reported the incident to law enforcement and Craver was charged with one count of second degree assault and felony harassment, both as domestic violence offenses. The case proceeded to a jury trial.

## II. JURY INSTRUCTIONS

At trial, both parties proposed jury instructions. Craver proposed a "to convict" instruction, instructing the jury on third degree assault as a lesser included offense of second degree assault. 3 VRP (Sept. 24, 2020) at 254-67. The proposed instruction stated, in part, to convict the defendant of third degree assault, the State must prove the following beyond a reasonable doubt: "[t]hat the physical injury was caused by a weapon or other instrument or thing likely to produce bodily harm." Clerk's Papers (CP) at 25. Craver also proposed a definitional instruction for third degree assault, which stated that "[a] person commits the crime of assault in the third degree when he or she with criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." CP at 26.

The State objected to the proposed "to convict" instruction, arguing that the instruction outlined a lesser degree offense, not a lesser included offense. 3 VRP (Sept. 24, 2020) at 254-56.[1] The State also argued that the instruction requires injury caused by a "weapon or other instrument or thing likely to produce bodily harm," and hands are not a "weapon or other instrument or thing." 3 VRP (Sept. 24, 2020) at 257.

The trial court agreed with the State, and Craver admitted that he intended to submit a "to convict" instruction that read: "[a] person commits the crime of assault in the third degree when he or she with criminal negligence causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." 3 VRP (Sept. 9, 2020) at 257-58. The State did not object to such an instruction.

---

[1] An instruction on an lesser degree offense is properly administered when

> (1) the statutes for both the charged offense and the proposed inferior degree offense "proscribe but one offense"; (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense.

*State v. Fernandez-Medina*, 141 Wn.2d 448, 454, 6 P.3d 1150 (2000). On the other hand, an instruction on a lesser included offense is warranted when (1) each of the elements of the lesser offense is an element of the offense charged, and (2) the evidence supports an inference that the lesser crime was committed. *Fernandez-Medina*, 141 Wn.2d at 454.

A lesser *degree* offense, unlike a lesser *included* offense, may have an element that is not an element of the greater offense. For example, third degree assault (by weapon, thing or instrument) is a lesser degree offense for second degree assault (by strangulation). *Compare* RCW 9A.36.031(1)(d) (third degree assault) *with* RCW 9A.36.021(1)(g) (second degree assault). Third degree assault, the lesser degree offense, has an element that is not a part of the greater degree offense and thus does not qualify as a lesser *included* offense. *State v. Peterson*, 133 Wn.2d 885, 890-92, 948 P.2d 381 (1997).

Despite this ruling and the parties' agreement, the trial court failed to give the "criminal negligence" prong instruction, but instead gave the "weapon or other instrument or thing likely to produce bodily harm" prong instruction. CP at 65. The trial court also instructed the jury on second degree assault and instructed the jury that if they could not agree on that crime, they could consider the "lesser crime" of third degree assault. CP at 52, 68. Neither party made any formal exception to the instructions as proposed by the trial court.

The jury was unable to reach a verdict on second degree assault. However, the jury found Craver guilty of third degree assault as well as felony harassment. The jury also found, by special verdicts, that Craver and Sanchez-Ramirez were members of the same family or household.

Craver timely appeals his third degree assault conviction.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Craver argues that the jury was presented with insufficient evidence to convict him of third degree assault. The State concedes the error. We accept the State's concession.

For purposes of sufficiency review, the law of the case doctrine dictates that the elements of a crime as contained in the jury instructions shall be treated as the properly applicable law. *State v. Johnson*, 188 Wn.2d 742, 755, 399 P.3d 507 (2017). Unless the State objects to a jury instruction, the "to convict" instruction defines the essential elements of a crime, and the State bears the burden of proving each element beyond a reasonable doubt. *State v. Hickman*, 135 Wn.2d 97, 99, 954 P.2d 900 (1998).

When reviewing a sufficiency of the evidence claim, this court asks whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Dobbs*, 167 Wn. App. 905, 919, 276 P.3d 324 (2012). We assume the truth of the State's evidence and all reasonable inferences drawn from that evidence. *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019).

The "to convict" instruction at issue here is the law of the case, and the State was required to prove each element beyond a reasonable doubt. *Hickman*, 135 Wn.2d at 99. Thus, to convict Craver of third degree assault, the jury was required to find that the physical injury was caused by "a weapon or other instrument or thing likely to produce bodily harm." RCW 9A.36.031(1)(d). A bare hand is not a weapon, instrument, or thing likely to produce bodily harm. *State v. Marohl*, 170 Wn.2d 691, 703, 246 P.3d 177 (2010); *State v. Donofrio*, 141 Wash. 132, 137-38, 250 Pac. 951 (1926).

Here, the jury convicted Craver of third degree assault without the State producing any evidence that Craver used a weapon, instrument, or thing likely to produce bodily harm as required under RCW 9A.36.031(1)(d). The only evidence presented by the State included testimony that Craver harmed Sanchez-Ramirez using his bare hands—Craver grabbed Sanchez-Ramirez by the chin, strangled her, punched her, pulled her hair, and hit her in the head with his hands. At no point did Craver use a weapon, instrument, or thing likely to produce bodily harm.

Thus, even in viewing the evidence in light most favorable to the State, the State provided insufficient evidence to convict Craver of third degree assault under RCW

5

9A.36.031(1)(d). Because the State failed to meet its burden of proof, we reverse Craver's conviction of third degree assault.

Craver argues that his conviction should be reversed and dismissed with prejudice. The State argues that we should remand this case to the trial court for a new trial on second degree assault. We agree with the State.

When a State charges a person with greater and lesser offenses, and the jury in unable to agree regarding the greater offense but finds the defendant guilty of the lesser offense and the conviction for the lesser offense is later reversed on appeal, the State may retry the defendant for the greater offense without violating double jeopardy. *State v. Glasmann*, 183 Wn.2d 117, 119, 349 P.3d 829 (2015).

Here, second degree assault is the greater offense. *Compare* RCW 9A.36.031(1)(d) (third degree assault) *with* RCW 9A.36.021(1)(g) (second degree assault). The jury was instructed on both second and third degree assault. Yet, the jury was unable to reach a verdict as to second degree assault, but it found Craver guilty of third degree assault. Because we reverse Craver's third degree assault conviction based on insufficient evidence, we remand this case back to the trial court with an opportunity for the State to retry Craver for second degree assault.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In a SAG, Craver claims that a non-party tampered with the jury by having direct conversations with jurors regarding inadmissible facts. We do not address this issue.

"Communications between a third person and a juror about an ongoing trial constitute misconduct which warrants a new trial if such communications prejudice the defendant." *State v. Brenner*, 53 Wn. App. 367, 372, 768 P.2d 509 (1989), *overruled on other grounds by State v.*

No. 56096-8-II

*Wentz*, 149 Wn.2d 342, 68 P.3d 282 (2003).  Once misconduct is shown, prejudice is presumed. *State v. Murphy*, 44 Wn. App. 290, 296, 721 P.2d 30 (1986).

Here, we reverse Craver's conviction based on insufficient evidence and remand for a new trial.  Therefore, regardless of whether a person's improper communication prejudiced Craver, Craver is entitled to a new trial.  Thus, we do not reach this issue.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Cruser, A.C.J.

Price, J.